Emily Brandenburg (AKA Emily Kearney) (SBN 287652)
emily@thekearneyfirm.com
The Kearney Firm, APC
4533 MacArthur Blvd., Suite A5278
Newport Beach, CA 92660
(714) 624-4186

Attorney for Plaintiffs
THE LITTLE CATHOLIC, LLC
PRISCILLA DURANT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE LITTLE CATHOLIC, LLC; PRISCILLA DURANT, an individual;**<br><br>**Plaintiff,**<br>vs.<br><br>**KATHERIN GIRALDO, an individual; and DOES 1-100,**<br><br>**Defendants.** | Case No.: 8:24-cv-1239<br><br>**COMPLAINT**<br><br>(1) COPYRIGHT INFRINGEMENT<br>(2) PATENT INFRINGEMENT<br>(3) DEMAND FOR JURY TRIAL |

Plaintiffs, The Little Catholic, LLC ("TLC") and Priscilla Durant ("Durant") (collectively referred to as "PLAINTIFFS"), for their complaint against Defendant Katherin Giraldo, and Does 1-100, inclusive ("DEFENDANT"), hereby allege as

follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement and patent infringement.

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

3. This is a civil action seeking damages and injunctive relief for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271. By this action, PLAINTIFFS seek damages against DEFENDANT.

4. This Court has personal jurisdiction over DEFENDANT based upon: (a) DEFENDANT promotes and sells its products in this judicial district and (b) DEFENDANT committed the infringing and other tortious conduct underlying Plaintiffs' claims in this judicial district.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), (b) & (c), and 2201-2202 because this involves copyright and patent infringement and there is an "actual controversy" between PLAINTIFFS and DEFENDANT. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Further, this case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

6. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) & (c) and 1400 at least because DEFENDANT, either directly or through its agents, have committed acts within this judicial district giving rise to this action, and continue to conduct business in this District, and/or has committed acts of patent infringement within this District giving rise to this action.

## THE PARTIES

7. TLC is a California limited liability company existing under the laws of the State of California, with a principal place of business located at 25261 Bentley Lane, Laguna Niguel CA 92653. Durant is the sole owner of TLC. TLC is a designer, manufacturer, and retailer of Catholic merchandise, including but not limited to jewelry.

8. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT in an individual residing in Bogotá, Colombia. PLAINTIFFS further allege that DEFENDANT is a designer, manufacturer, and retailer of Catholic jewelry in the United States.

9. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT manufactures and sells her jewelry to the United States from her Instagram page: https://www.instagram.com/llenadegraciacol?igsh=MzRlODBiNWFlZA==, and

that DEFENDANT offers her products for sale and sell her products to consumers within the United States and this judicial district.

## FACTS UNDERLYING CAUSES OF ACTION

### *TLC's Business, Copyright, and Patent*

10. Durant is the sole owner of TLC. TLC is a small family-owned business founded in 2018. Since 2018, TLC has designed, manufactured, and sold Catholic merchandise. Among other merchandise, TLC primarily designs, manufactures, and sells jewelry.

11. TLC is an innovator of original Catholic jewelry designs. TLC pours considerable resources into inventing original designs of Catholic jewelry and ethically manufacturing them in Southern California.

12. Durant is the creator and owner of three-dimensional artwork depicting the three hearts of the Holy Family (the "Holy Family Hearts Artwork"). Durant exclusively licenses the "Holy Family Hearts Artwork" to TLC. The Holy Family Hearts Artwork is proudly displayed on TLC's website as part of its exclusive jewelry collection. See https://www.thelittlecatholic.com/collections/best-selling-products/products/holy-family-hearts.

13. Durant owns the copyright registrations for the Holy Family Hearts Artwork (Reg. Nos. VA0002209979 and VAu001510355) ("Copyrights") and exclusively

licenses these Copyrights to TLC. A true and correct copy of the Copyrights are attached hereto as ***Exhibit A*** and incorporated by reference.

14. On January 30, 2024, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. D1012750 ("Patent") for three-dimensional jewelry design. A true and correct copy of the Patent is attached hereto as ***Exhibit B*** and incorporated by reference.

15. The Patent is an original three-dimensional jewelry design of all three hearts of the Holy Family—Jesus, Mary, and Joseph. Prior to TLC's invention of this design, no other three-dimensional jewelry pieces depicted the three hearts of the Holy Family strung together.

16. Durant is the owner and assignee of all rights, title, and interests in and to the Copyrights, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

17. TLC is the owner and assignee of all rights, title, and interests in and to the Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

***DEFENDANTS' Infringing Conduct***

18. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT HAS, and continues to, infringe the Copyrights and Patent by making, using, selling, and offering for sale for sale in the United States jewelry

using a design substantially similar to the Copyrights and Patent ("Infringing Jewelry").

19. PLAINTIFFS are informed and believe, and on that basis allege, that the success and popularity of the Infringing Jewelry has resulted from imitation, copying, and unlawful piggybacking off of PLAINTIFFS' substantial investment in its intellectual property rights, including the Copyrights and Patent.

20. Specifically, DEFENDANT makes, uses, sells, and offers for sale three-dimensional jewelry design in the United States of all three hearts of the Holy Family—Jesus, Mary, and Joseph. DEFENDANT uses three-dimensional hearts of the Holy Family strung together as a single piece of jewelry in their Infringing Jewelry, which is part of the design claimed in the Patent. While the individual hearts of Jesus, Mary, and Joseph existed in the public domain individually as paintings, they have never existed collectively as three hearts of the Holy Family strung together as a three-dimensional single piece of jewelry.[1] The only imagery of the three hearts of the Holy Family together that existed before PLAINTIFF'S Copyrights and Patent were two-dimensional paintings of the hearts, which are different articles of manufacturing than three-dimensional jewelry. Thus, there is no prior art that qualifies as comparison prior art because the two-dimensional

---

[1] *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.* 2022 WL 5988026, "To qualify as comparison prior art, the prior-art design must be applied to the article of manufacture identified in the claim."

paintings that featured the three hearts together are not the same article of manufacture as the three-dimensional jewelry identified in the Patent.[2]

21. DEFENDANT's infringement of the Copyrights and Patent is evidenced by photos of the Infringing Jewelry featured on DEFENDANT'S Instagram page. Screenshots of the Infringing Jewelry the Instagram is attached as ***Exhibit C*** and incorporated hereto by reference.

22. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT manufactured the Infringing Jewelry by copying the Copyrights and by using the design patented by the Patent.

23. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has marketed the Infringing Jewelry in the United States.

24. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT sells the Infringing Jewelry in the United States. PLAINTIFFS have attached (1) receipts of customers residing in the United States purchasing the Infringing Jewelry and (2) Instagram conversations between Defendant and customers residing in the United States where Defendant agrees to sell the

---

[2] *Columbia*, 2022 WL 5988026 at 10, "[W]e have regarded the Supreme Court's Whitman Saddle case as foundational for using comparison prior art in an infringement analysis. *See Egyptian Goddess*, 543 F.3d at 672–74, 676 (recounting the history of this issue, beginning with *Smith v. Whitman Saddle Co*., 148 U.S. 674 (1893)). There, the patent covered the design of a saddle, and the comparison prior art consisted of saddles. See 148 U.S. at 675–76, 680–82. Likewise, in Egyptian Goddess, the patent covered the design of a nail buffer, and the comparison prior art consisted of nail buffers. 543 F.3d at 668, 680–82."

Infringing Jewelry to American customers, which is attached as *Exhibit D* and incorporated hereto by reference.

25. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANTS have offered the Infringing Jewelry for sale in the United States.

26. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has been on actual and/or constructive notice of the existence of the Copyrights and Patent and, as such, their acts of infringement have been willful and in disregard for the Copyrights and Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

27. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT'S knowledge of the Copyrights and Patent is indisputable.

28. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT'S willful infringement of the Copyrights and Patent has directly resulted in TLC suffering significant monetary damages, including a loss of a substantial amount of business.

## COUNT 1

## Infringement of U.S. Patent No. D1012750

29. PLAINTIFFS incorporate each paragraph above into this claim.

30. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT has been and are directly infringing, literally or under the doctrine

of equivalents, of the Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, jewelry including TLC's patented design, in violation of 35 U.S.C. § 271(a). More specifically, DEFENDANT has infringed and continues to infringe the Patent because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Infringing Jewelry.

31. DEFENDANT's infringement has been and continues to be, knowing, intentional, and willful.

32. DEFENDANT's willful acts of infringement of the Patent have caused and will continue to cause PLAINTIFFS damages for which PLAINTIFFS are entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty.

33. DEFENDANT's acts of infringement of the Patent have caused and will continue to cause PLAINTIFFS immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. TLC has no adequate remedy at law.

34. This case is exceptional; therefore, PLAINTIFFS are entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

///

///

# COUNT 2

## COPYRIGHT INFRINGEMNT

35. PLAINTIFFS incorporate each paragraph above into this claim.

36. PLAINTIFFS did not consent to, authorize, permit, or allow in any manner the DEFENDANT's use of PLAINTIFFS' jewelry designs of the Holy Family Artwork.

37. PLAINTIFFS are informed and believe and thereon allege that the DEFENDANT willfully infringed upon PLAINTIFFS' copyrighted jewelry designs of the Holy Family Artwork in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Holy Family Artwork without PLAINTIFFS' consent or authority, by offering them for sale and selling them to individuals residing in the United States.

38. As a result of DEFENDANT's violations of Title 17 of the U.S. Code, PLAINTIFFS are entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

39. As a result of the DEFENDANT's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from DEFENDANT.

40. PLAINTIFFS are also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

41. PLAINTIFFS incorporate each paragraph above into this claim.

42. TLC hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, TLC prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award PLAINTIFFS relief including but not limited to the following:

1. Judgment that the Patent has been infringed, either literally or under the doctrine of equivalents, by DEFENDANT;

2. A permanent injunction enjoining DEFENDANT and its officers, directors, agents, retailers, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the claims of the Copyrights and Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Patent and Copyrights by such entities;

3. Order DEFENDANT, pursuant to 15 U.S.C. § 1116, to serve on PLAINTIFFS within thirty (30) days after service on DEFENDANT of a preliminary or permanent injunctive order, a report in writing,

under oath, setting forth in detail the manner and form in which DEFENDANT has complied with the injunction;

4. Judgment that DEFENDANT's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

5. Ordering DEFENDANT to account and pay damages adequate to compensate PLAINTIFFS for DEFENDANT's infringement of the Patent and Copyrights, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

6. Increase the amount of damages and/or profits awarded to PLAINTIFFS, as provided by law, including but not limited to, ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

7. Award PLAINTIFFS such treble and punitive damages for DEFENDANT's willful and intentional acts of unfair competition, patent infringement, and infringement of PLAINTIFFS' rights that the Court shall deem just and proper, including but not limited to, ordering that the damages award be increased up to three times the

actual amount assessed pursuant to 35 U.S.C. § 284;

8. Award PLAINTIFFS the fees, costs and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

9. Declaring this case exceptional and awarding PLAINTIFFS its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

10. Awarding such other and further relief as this Court deems just and proper.

DATED: June 7, 2024                THE KEARNEY FIRM, APC


By: /s/     Emily Brandenburg

EMILY BRANDENBURG

(AKA EMILY KEARNEY)


Attorney for Plaintiffs

THE LITTLE CATHOLIC, LLC

PRISCILLA DURANT