JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01239-DOC-JDE                                  Date: August 9, 2024

Title: THE LITTLE CATHOLIC, LLC ET AL. V. KATHERIN GIRALDO ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [18]**

Before the Court is Plaintiffs Priscilla Durant and The Little Catholic, LLC's (collectively, "Plaintiffs")) Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 18) against Defendant Katherin Giraldo ("Defendant"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Motion for Default Judgment and **VACATES** the hearings scheduled for September 9, 2024.

**I.   Background**

   **A.   Facts**

The following facts are drawn from Plaintiffs' Complaint ("Compl.") (Dkt. 1). Plaintiff The Little Catholic, LLC ("TLC") is a small family-owned business founded in 2018. Since 2018, TLC has designed, manufactured, and sold Catholic merchandise. Among other merchandise, TLC primarily designs, manufactures, and sells jewelry. Compl. ¶ 10. Plaintiff Priscilla Durant ("Durant") is the creator and owner of three-dimensional artwork depicting the three hearts of the Holy Family (the "Holy Family

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01239-DOC-JDE                                                          Date: August 9, 2024
                                                                                                    Page 2

Hearts Artwork"). Durant exclusively licenses the "Holy Family Hearts Artwork" to TLC. *Id.* ¶ 12. Durant owns the copyright registrations for the Holy Family Hearts Artwork (Reg. Nos. VA0002209979 and VAu001510355) ("Copyrights") and exclusively licenses these Copyrights to TLC. *Id.* ¶ 13. On January 30, 2024, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. D1012750 ("Patent") for three-dimensional jewelry design. *Id.* ¶ 14. The Patent is an original three-dimensional jewelry design of all three hearts of the Holy Family—Jesus, Mary, and Joseph. *Id.* ¶ 15.

Durant is the owner and assignee of all rights, title, and interests in and to the Copyrights, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. *Id.* ¶ 16. TLC is the owner and assignee of all rights, title, and interests in and to the Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. *Id.* ¶ 17.

Defendant is an individual residing in Bogotá, Colombia who is a designer, manufacturer, and retailer of Catholic jewelry in the United States. *Id.* ¶ 8. Defendant makes, uses, sells, and offers for sale three-dimensional jewelry design in the United States of all three hearts of the Holy Family—Jesus, Mary, and Joseph. Defendant specifically uses three-dimensional hearts of the Holy Family strung together as a single piece of jewelry in their infringing jewelry, which is part of the design claimed in the Patent.. *Id.* ¶ 20.

Plaintiffs allege that Defendant sells the Infringing Jewelry in the United States. They have attached (1) receipts of customers residing in the United States purchasing the Infringing Jewelry and (2) Instagram conversations between Defendant and customers residing in the United States where Defendant agrees to sell the Infringing Jewelry to American customers. Complaint Ex. D.

Plaintiffs now request (1) a permanent injunction barring Defendant's use of their copyrights and patent on counterfeit products under 17 U.S.C. § 502 and 35 U.S.C. § 271 and (2) copyright statutory damages of $150,000. Mot. at 11.

B.     **Procedural History**

On June 7, 2024, Plaintiffs filed the Complaint. On July 1, 2024, Plaintiff filed proof of service upon Defendant. (Dkt. 14). On July 24, 2024, Plaintiffs filed a Request for the Clerk to enter default against Defendant, which was granted on July 15, 2024,

Case 8:24-cv-01239-DOC-JDE   Document 21   Filed 08/09/24   Page 3 of 8   Page ID #:143

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01239-DOC-JDE                                                                     Date: August 9, 2024
Page 3

pursuant to Fed. R. Civ. P. 55(a). (Dkts. 15-16). On July 30, 2024, Plaintiffs filed the instant Motion with this Court asking for Default Judgment. Dkt. 18.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.    Discussion

### A.     Procedural Requirements

Plaintiffs have satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiffs requested and received an entry of default against Defendants. (Dkts. 15-16). Having determined Plaintiffs' procedural compliance, the Court turns to the substance of Plaintiffs' Motion. In addition, Plaintiffs properly served Defendants. (Dkt. 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01239-DOC-JDE　　　　　　　　　　　　　　　　　Date: August 9, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

### B. *Eitel* Factors

#### 1. The Possibility of Prejudice to Plaintiffs

The first *Eitel* factor requires the Court to consider the harm to Plaintiffs if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment Plaintiffs will be prejudiced and denied the right to a judicial resolution of the claims presented or any effective remedy from the defaulting Defendants. *See id.* Accordingly, the Court finds that this factor weighs in favor of default judgment.

#### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiffs allege copyright and patent infringement. *See generally* Mot. To state a claim for copyright infringement under 17 U.S.C. § 501, Plaintiffs must prove that Defendant willfully infringed upon the Plaintiffs' copyright in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the copyrighted works without Plaintiffs' consent or authority. To state a claim for patent infringement under 35 U.S.C. § 271, Plaintiffs must prove that, without their consent, Defendant makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor.

The Complaint alleges Plaintiffs are the valid owners of both a copyright and patent for the jewelry design at issue. Compl. ¶¶ 11-17. Plaintiffs further alleges that Defendants sold goods that infringed on Plaintiffs' copyright and patent without their consent within the United States. Compl. ¶¶ 18-24. These allegations, taken as true, are sufficient to state claims for copyright and patent infringement.

As such, the second and third *Eitel* factors weigh in favor of Plaintiff.

Case 8:24-cv-01239-DOC-JDE   Document 21   Filed 08/09/24   Page 5 of 8   Page ID #:145

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01239-DOC-JDE                                                    Date: August 9, 2024

Page 5

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court to assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. 04-cv-2559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff seeks statutory damages of up to $150,000 against Defendant for copyright and patent infringement. Mot. at 9. After reviewing Plaintiff's briefing, for reasons explained further below, the court adjusts these amounts based on the evidence presented by Plaintiff and a lack of evidence that the infringement was willful, but finds that Plaintiff's request for statutory damages is reasonable and proportional to the harm suffered.

The Court determines that the fourth *Eitel* factor weighs against granting default judgment in the amount requested by Plaintiff.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiffs provided a well-pleaded complaint and Defendants failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01239-DOC-JDE                                Date: August 9, 2024

                                                                                                                                    Page 6

is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant was properly served with the Complaint and Summons. *See* Dkt. 14. However, no answer was filed. Defendant has made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendant has not responded to Plaintiffs' Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendant.

### C.      Remedies

Having determined that entry of default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01239-DOC-JDE   Date: August 9, 2024
Page 7

damages awarded in the default judgment." *Xerox Corp. v. American Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (citation omitted).

In this Motion, Plaintiffs seeks statutory damages of $150,000 under 17 U.S.C. § 504(c) against Defendant for copyright infringement on the basis that such infringement is willful. Mot. at 11.

17 U.S.C. § 504(c)(1) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." Only in cases "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" under 17 U.S.C. § 504(c)(2).

Here, Plaintiffs have not met their burden to prove that copyright infringement was willful. Plaintiffs assert throughout their Complaint that the infringement was willful but provide no evidence to support their claims. *See generally* Compl. Additionally, the statutory damages Plaintiffs request are vastly disproportionate to the documented harm suffered. Plaintiffs submit evidence of only *one* instance of Defendants selling an infringing product, which was apparently sold for $25. Compl. Ex. D. Accordingly, an award of $150,000 in damages here is unreasonable. Therefore, given the Court's wide discretion in determining the amount of statutory damages, the Court awards damages of $2,000.

Plaintiffs also seek a permanent injunction barring Defendant's use of their copyrights and patent on counterfeit products. 17 U.S.C. § 502 and 35 U.S.C. § 271 give the court power to grant injunctions to prevent copyright and patent infringements. Plaintiffs' demand for relief must be specific, pursuant to Fed.R.Civ.P. 8(a)(3). Plaintiffs seek only a permanent injunction barring Defendant's use of their copyrights and patents on counterfeit products. The relief sought is consistent with the relief requested in the Complaint.

Plaintiffs have requested a permanent injunction against Defendant's use of their copyrights and patent on counterfeit products. 17 U.S.C. § 502 and 35 U.S.C. § 271 give the court power to grant injunctions to prevent copyright and patent infringements. A plaintiff is not automatically entitled to an injunction simply because it proves its

Case 8:24-cv-01239-DOC-JDE   Document 21   Filed 08/09/24   Page 8 of 8   Page ID #:148

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01239-DOC-JDE                                                  Date: August 9, 2024

Page 8

affirmative claims. *Pyrodyne Corp. v. Pyrotronics Corp.,* 847 F.2d 1398, 1402 (9th Cir.1988) ( "[T]he grant of injunctive relief is not a ministerial act flowing as a matter of course."). In the absence of opposition by the non-appearing defendant, however it cannot be said that it is "absolutely clear" that Defendant's allegedly wrongful behavior has ceased and will not begin again. *Friends of the Earth, Inc., v. Laidlaw Env. Services (TOC), Inc.,* 528 U.S. 167 (2000). Accordingly, the Court GRANTS Plaintiffs' request for a permanent injunction enjoining Defendant from using Plaintiffs' copyright and patent for counterfeit products.

## IV.  DISPOSITION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Default Judgment. Accordingly, the hearing scheduled for September 9, 2024 is **VACATED**.

1) Judgment shall be entered in favor of Plaintiffs Durant and TLC and against Defendant Katherin Giraldo in the amount of $2,000 in statutory damages for their copyright infringement claim;

2) Plaintiffs shall submit a proposed injunction consistent with this order within seven (7) days of the date of this order.

3) Plaintiffs shall be awarded their costs.

   The clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                 Initials of Deputy Clerk: kdu
CIVIL-GEN